# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41391
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEPHEN SANTOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-125-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Stephen Santos appeals the nine-month sentence imposed following the revocation of his term of supervised release.  Santos pleaded true to certain violations of his conditions of supervised release, and following an evidentiary hearing, the district court determined that he also violated his supervised release on the violations he had contested.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41391

On appeal, Santos argues that his revocation sentence is unreasonable because it is based on facts found by a judge by a preponderance of the evidence and thus violates his due process rights under the Fifth Amendment and his right to a jury trial under the Sixth Amendment.  Santos acknowledges that his arguments are foreclosed by *United States v. Hinson*, 429 F.3d 114, 118-19 (5th Cir. 2005), but he raises those issues to preserve them for further review.

Santos also contends that the district court erred in selecting a sentence based on clearly erroneous facts pertaining to the contested violations, namely, that (1) on May 24, 2011, he committed the crimes of aggravated robbery in violation of Texas Penal Code § 29.03, carjacking in violation of 18 U.S.C. § 2119, and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1); and (2) on May 31, 2011, he committed the Texas crime of aggravated robbery and the federal crime of firearm possession by a felon.  A district court may revoke a term of supervised release on a finding, by a preponderance of the evidence, that a defendant violated a condition of supervised release.  *See* 18 U.S.C. § 3583(e)(3); *Hinson*, 429 F.3d at 118-19. The revocation of Santos's supervision was warranted on the bases of the violations to which he pleaded true.  *See United States v. McCormick*, 54 F.3d 214, 219 & n.3 (5th Cir. 1995).  Ordinarily, our inquiry need go no further, *see id.* at 219 n.3, but Santos urges that we should address his claim of error regarding the other violations because the district court's findings affected the sentence.

Even if, arguendo, Santos's sentence was influenced by the violations that he contested, his claim that there was insufficient evidence to revoke his supervised release on those grounds is unavailing.  The evidence reflected that the victim of the May 24 carjacking identified Santos as the person who pointed a loaded shotgun at his head and proceeded to rob him of his vehicle and other

No. 14-41391

belongings.  Likewise, the victim of the May 31 carjacking (the offense to which Santos pleaded guilty in a separate criminal proceeding) testified that Santos used a shotgun to rob him of his vehicle, and the victim expressly denied that the weapon was a BB gun.  Accordingly, a preponderance of the evidence supported a finding that Santos committed the challenged violations.  *See* TEX. PENAL CODE §§ 29.02(a)(2), 29.03(a)(2); § 922(g)(1); § 2119; *see also Wright v. State*, 591 S.W.2d 458, 459 (Tex. Crim. App. 1979) ("Testimony using any of the terms 'gun', 'pistol' or 'revolver' is sufficient to authorize the jury to find that a deadly weapon was used.").  Therefore, the district court did not abuse its discretion or err in revoking his supervision on those grounds and imposing the revocation sentence.  § 3583(e)(3); *McCormick*, 54 F.3d at 219.

Finally, Santos argues that he was denied the effective assistance of counsel during the revocation proceeding because his counsel failed to assert Fifth and Sixth Amendment objections.  Because the record is not sufficiently developed to allow for a fair consideration of this claim, we decline to consider it on direct appeal without prejudice to any right Santos has to raise the claim on collateral review.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014).

AFFIRMED.